UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| VS. § | CRIM. NO. 4:19CR00363 |
| § | |
| ALEJANDRO VALENZUELA RAZO § | |

**MOTION TO SUPPRESS**

TO THE HONORABLE LEE H. ROSENTHAL, CHIEF UNITED STATES DISTRICT COURT JUDGE FOR THE SOUTHERN DISTRICT OF TEXAS:

I.

On January 8, 2019, Deputy Randy Thumann, of the Fayette County Sheriff's Office, conducted a traffic stop of a tractor-trailer driven by Defendant Alejandro Valenzuela Razo. The claimed reason for the stop and detention of Mr. Razo was that the trailer's mud flaps were more than eight inches off the road. However, the stop and detention of Mr. Razo were a pretext. According to testimony elicited at Mr. Razo's detention hearing and DEA reports, DEA agents directed Fayette County deputies to stop the tractor-trailer driven by Mr. Razo because it was seen leaving a warehouse associated with a drug trafficking investigation.

In the course of the stop, Deputy Thumann asked for and received Mr. Razo's driver's license, liability insurance, and the bill of lading for the load he was transporting. The deputy questioned Mr. Razo about his load, his travel, the times of his travel, his documentation for the load, and the presence of contraband.

In the course of the encounter between Deputy Thumann and Mr. Razo, the deputy's tone shifted—it became more accusatory, incredulous of Mr. Razo, and at times

hostile. Mr. Razo reacted with fear and nervousness. It was while Deputy Thumann had adopted his more accusatory and hostile tone that he requested consent from Mr. Razo to search the trailer. Mr. Razo's assent was not effective or voluntary.

## II.

In order for consent to a search to serve as a valid exception to the general warrant requirement, the prosecution must "demonstrate that the consent was in fact voluntarily given, and not the result of duress or coercion, express or implied." *Schneckloth v. Bustamante*, 412 U.S. 218, 248 (1973).

"The government bears the burden of proving that consent was voluntary." *United States v. Jenson*, 462 F.3d 399, 406 (5th Cir. 2006). To determine whether consent was voluntarily given, the trial court considers:

(1) the voluntariness of the defendant's custodial status; (2) the presence of coercive police procedures; (3) the extent and level of the defendant's cooperation with the police; (4) the defendant's awareness of his right to refuse consent; (5) the defendant's education and intelligence; and (6) the defendant's belief that no incriminating evidence will be found.
*Id*.

"All six factors are relevant, no single one is dispositive or controlling. *United States v. Kelly*, 981 F.2d 1464, 1470 (5th Cir. 1993).

## III.

Taken as a whole, the six factors used to determine the voluntariness of consent render Mr. Razo's roadside consent involuntary.

(1) Mr. Razo was not free to leave and was being detained at the time he gave consent. This was not a routine traffic stop and it was clear that the deputy was investigating more than mud flaps. The deputy's tone was accusatory and stern. Mr. Razo would have been afraid to refuse consent.

(2) Again, the deputy's tone and demeanor were not pleasant and indicative of a routine traffic stop. The deputy's tone was intimidating to Mr. Razo and Mr. Razo felt he had no real alternative to providing verbal consent.

(3) Mr. Razo was cooperative with the deputy.

(4) Mr. Razo did not believe he could refuse to consent.

(5) Mr. Razo is a high school graduate and completed fifteen hours of basis studies at the local community college.

(6) Before was asked to give consent, he was asked in a confrontational and accusatory manner, "Are you doing anything illegal?" and "Is that truck involved in doing anything illegal?" These questions put Mr. Razo on notice that the deputy believed contraband was in the trailer.

The six factors call Mr. Razo's consent into serious question and the government cannot meet its burden of showing by a preponderance of the evidence that consent here was voluntary.

The parties have conferred and are not in agreement on disposition of this motion. Wherefore, premises considered, Defendant prays this motion is granted.

 /S/
JOEY CONTRERAS
823 Hoefgen Ave.
San Antonio, Texas 78210
Phone     (210) 212-9000
Facsimile (210) 212-9242
State Bar No. 04712320

CERTIFICATE OF SERVICE

I hereby certify that on this the 17th day of July, 2019, a copy of the foregoing Motion to Suppress has been delivered to Mr. Ed Gallagher, AUSA in charge of this case, via ECF electronic filing.

_/S/_____
Joey Contreras

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| § | |
| **VS.** § | **CRIM. NO. 4:19CR00363** |
| § | |
| **ALEJANDRO VALENZUELA RAZO** § | |

ORDER ON MOTION TO SUPPRESS

Come this day to be considered Defendant's Motion to Suppress and Government's response. After consideration of the law and facts, said motion is

_____   GRANTED

_____   DENIED

Signed on this, the _____ day of _____, 2019

_____
HON. LEE H. ROSENTHAL
CHIEF UNITED STATES DISTRICT
COURT JUDGE